**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

JEFFERSON L. DURHAM and
DANIELLE R. DURHAM,

       Plaintiffs,

  Vs.

ROYAL CARIBBEAN CRUISES, LTD.,
DR. J. ZAMBRANO, DR. J. WOLFE,
SEACARE CO-OPERATIVE, LTD, and
ROYAL JUBILEE HOSPITAL,

      Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs, JEFFERSON L. DURHAM and his wife DANIELLE R. DURHAM, by and through their undersigned counsel, file this Complaint against the Defendants, ROYAL CARIBBEAN CRUISES, LTD., hereinafter "RCCL", DR. J. ZAMBRANO, DR. J. WOLFE, SEACARE CO-OPERATIVE, LTD, hereinafter "SEACARE", and ROYAL JUBILEE HOSPITAL and allege as follows:

1.    All conditions precedent to filing suit have occurred or have been waived by the Defendants.

## I. PARTIES

2.    JEFFERSON L. DURHAM and DANIELLE R. DURHAM are individuals, who are citizens of the United States and residents of the State of Florida and are therefore domiciled in the State of Florida.

3.    RCCL is a foreign corporation.  RCCL has at all times material hereto, its principal place of business in Miami-Dade County, Florida, located at 1050 Caribbean Way, Miami, FL 33132.

4.    DR. J. ZAMBRANO is an individual, who is believed to be a resident of a foreign country or state other than Florida.

5.    DR. J. WOLFE is an individual, who is believed to be a resident of a foreign country or state other than Florida.

6.    SEACARE is a foreign corporation.

7.    ROYAL JUBILEE HOSPITAL is a foreign corporation.

8.    Plaintiffs are of the opinion and belief that the treating medical staff are residents of a foreign country or state other than Florida.

9.    Plaintiffs are of the opinion and belief that the treating medical staff assistants are residents of a foreign country or a state other than Florida.

10.    DR. DOE and NURSE DOE are fictitious names of medical personnel aboard the "Explorer of the Seas", included in an abundance of caution in the event that discovery reveals that other persons, whose names are not yet known to Plaintiffs, provided medical care to Plaintiff JEFFERSON L. DURHAM that is alleged to be negligent while aboard the "Explorer of the Seas" ship.

**II.**
**STATEMENT OF JURISDICTION, VENUE & FORUM SELECTION**

11.    Venue is proper in this District Court because RCCL has chosen this district by means of a forum selection clause contained in the passenger ticket contract provided by RCCL to JEFFREY DURHAM and DANIELLE R. DURHAM. Venue is also appropriate in this district because RCCL is considered established here.

2

Attached hereto is a true and accurate copy of Plaintiffs' cruising ticket and contract with RCCL as Exhibit "A".

12.     This Court has subject matter jurisdiction based on Diversity of Citizenship as provided by Title 28 U.S.C. §1332. This Court also has subject matter jurisdiction under Title 28 U.S.C. §1333 and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.     To the extent this Court interprets or determines that any part of the claim or claims asserted herein by Plaintiff arises under the law of any state, this Court has supplemental jurisdiction because all the claims asserted herein are part of the same case or controversy under Article III of the United States Constitution.

14.     RCCL and the Medical Defendants at all times material hereto, personally or through an agent:

    a.  Operated, conducted, engaged in or carried on a business venture in this state of country or had an office or agency in this state and/or country.

    b.  Were engaged in substantial activity within this state;

    c.  Operated vessels in the waters of this state.

    d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

15.     Defendant, RCCL, was engaged in the business or providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel RCCL EXPLORER OF THE SEAS.

16.     That all Medical Defendants that interacted with Plaintiffs were engaged in the business of providing to the public guests and to the Plaintiff in particular, for compensation, medical care aboard the vessel RCCL EXPLORER OF THE SEAS.

3

17.     All of the Defendants are subject to the jurisdiction of the Courts of this state.

18.     With regard to the Medical Defendants, exercising jurisdiction over the Medical Defendants is consistent with the United States Constitution and Laws due to the Medical Defendants' national contacts with the United States.

### III. FACTS COMMON TO ALL COUNTS

19.     At all times material hereto, Defendant, RCCL, owned, operated, managed, maintained and/or controlled the vessel, RCCL EXPLORER OF THE SEAS.

20.     At all times material hereto, Defendant, RCCL, Owned, operated, managed, maintained and/or controlled the medical equipment in the ship's medical facility aboard the vessel RCCL EXPLORER OF THE SEAS which the Medical Defendants attempted to use to diagnose the Plaintiff's medical condition.

21.     At all times material hereto, Defendants, and DR. J. ZAMBRANO was the ship's doctor working in the vessel's medical facility, with the intent and responsibility of providing medical care to passengers, including Plaintiff.

22.     At all times material hereto, Defendants, and DR. J. ZAMBRANO were apparent agents and/or joint ventures and/or partners of RCCL, and at all times material hereto acted within the course and scope of their apparent agency and/or joint venture and/or partnership.

23.     At all times material hereto, Defendant, DR. J. WOLFE was the ship's doctor working in the vessel's medical facility, with the intent and responsibility of providing medical care to passengers, including Plaintiff.

24.     At all times material hereto, Defendant, DR. J. WOLFE was an apparent agent and/or joint venture and/or partner of RCCL, and at all times material hereto acted

4

within the course and scope of his apparent agency and/or joint venture and/or partnership.

25.     At all times material hereto RCCL agreed to provide indemnity insurance coverage for the Medical Defendants, regarding claims asserted in this action. Plaintiff continues to be a third party beneficiary to said indemnification agreement. Further, upon information and belief, the Plaintiff and/or treatment of the Plaintiff is contemplated in this agreement, which also subjects the Medical Defendants to the jurisdiction of this Court.

26.     On or about August 4, 2018, Plaintiff, JEFFERSON L. DURHAM was paying passenger on board that RCCL, owner, operated and maintained passenger cruise ship, RCCL EXPLORER OF THE SEAS.

27.     That upon boarding the subject vessel JEFFERSON L. DURHAM was in good health and did not have medical problems or problems ambulating.

28.     At all times material hereto, RCCL, allowed a hazardous conditions to exist aboard its vessel by way of having a medical facility staffed by physicians/nurses lacking the reasonable skills, qualifications and/or competencies to adequately diagnose and treat emergency medical situations like Plaintiff's.

29.     That within the first days of the voyage Mr. Durham developed a blister on his foot which progressively worsened into an infection and continued to worsen. The infection, bacteria or virus spread throughout his body and by the last day of the voyage, before he was rushed off the ship, JEFFERSON DURHAM'S infection had become septic.

30.     That JEFFERSON DURHAM developed fevers and organ malfunction and was in pain that had emanated from his foot and throughout his body and went

to the infirmary where the ship medical team merely examined him quickly and dispensed anti-biotics. He was not properly examined nor diagnosed, and his conditions were allowed to worsen.

31.     RCCL advertised its medical center or medical staff to passengers.

32.     RCCL retained the right to hire and fire medical staff.

33.     The medical staff is required to wear the ship's uniform and sail under the ship's officers.

34.     The doctors, nurses or other staff are paid by RCCL directly.

35.     RCCL stocks the hospital or medical center with all supplies, equipment, and medicine.

36.     RCCL directly bills the passengers' shipboard charge card for any medical services provided.

### COUNT IV – NEGLIGENCE CLAIM AGAINST ROYAL CARRIBBEAN

Plaintiff reaffirms and realleges each and every allegation set forth in Paragraphs 1, 2, 3, 4, 5 and 8 through 36 and further alleges as follows:

37.     RCCL negligently hired the subject physicians and/or nurses and same is a direct and proximate cause of MR. JEFFERSON L. DURHAM'S injuries, as the physicians and/or nurses did not have the proper licensure and/or training to diagnose MR. JEFFERSON L. DURHAM condition.

38.     That RCCL: (1) had actual notice of JEFFERSON L. DURHAM'S Condition aboard the vessel and failed and refused to take proper action; and/or (2) RCCL should have known about JEFFERSON L. DURHAM'S condition and failed and refused to take proper action to avoid JEFFERSON L. DURHAM from sustaining more severe and life threatening injuries.

6

39.     That RCCL's hiring and retention of its medical personnel was negligent and was a direct and proximate cause of JEFFERSON L. DURHAM'S injuries and damages.

40.     That the failures and/or acts and/or omissions by RCCL in its failure to provide JEFFERSON L. DURHAM with reasonable means to seek the proper emergency medical care and/or be removed from the subject vessel, proximately and directly caused Plaintiffs injuries and damages.

41.     That as a direct and proximate result of RCCL'S actions and/or omissions in this matter, Plaintiff suffered life threatening and incapacitating injuries. The Plaintiffs injuries were directly caused by RCCL'S active and/or passive acts of negligence as set forth above and as a result, Plaintiff, JEFFERSON L. DURHAM, seeks to recover all elements of his damages as authorized by laws for his injuries, included but not limited to:

   a.  Past and future pain and suffering,

   b.  Past and future mental anguish,

   c.  Past and future loss of the capacity for the enjoyment of life,

   d.  Past and future inconvenience,

   e.  Past and future economic damages, including lost wages, lost future wage earning capacity.

   f.  Past and future medical expenses and attendant care.

42.     The medical staff in this case, including Defendants, DR. J. ZAMBRANO and DR. J. WOLFE., were required by RCCL to wear RCCL uniforms which include name tags, and which display the RCCL name and logo.

7

43.        Further, RCCL holds out the ship's physicians and medical staff as the apparent agents of the cruise line.  The Defendant, RCCL through its actions and conduct represents to its cruise passengers including, but not limited to the Plaintiff herein and his family, that the shipboard physicians and medical staff work for the benefit of the Defendant. These actions and conduct of the cruise line include but are not limited to the following:

a. The Defendant controls cruise line physicians attire, which includes, at times, a uniform with epaulettes and stripes similar to other crewmembers;

b. The Defendant cruise line offers physicians benefits including senior officer status, round-trip transportation from residence to the ship, uniforms, meals, private furnished cabins with refrigerators, telephones, computers with internet access, daily housekeeping services, and indemnification and health care;

c. The Defendant cruise line requires that the ship's physicians sail with the ship;

d.  The Defendant cruise line provides the onboard Medical Center;

e. The Defendant cruise line allows and requires the ship's physicians to operate and provide services out of the ship's Medical Center which is provided by the cruise line and which is equipped by the cruise line;

f. The Defendant cruise line charges the services of the medical center, which includes services of the ship's doctors and other medical staff and charges for the medical equipment and goods provided by the cruise line, to the passenger's onboard Sail and Sign Account;

8

g.   The ship's  physicians represented themselves to passengers that they are employees of Defendant, RCCL;

h.   The Defendant cruise line limits the hours and area of the ship where passengers can receive medical services to the ship's  Medical Center, which is staffed  exclusively by shipboard medical personnel;

i.   The Defendant  publishes  the Medical  Center's  daily office hours in its flyer distributed to all passengers aboard its ships; and

j.   The Defendant cruise line requires the shipboard physicians and medical staff to be on call 24 hours to attend to passenger medical emergencies.

44.   The ship's physician is considered to be an Officer on board the vessel and a member of the crew, and was introduced to the passengers as one of the ship's Officers.

45.   Both the ship's doctor and the nurses were held out to the passengers by RCCL as members of the ship's crew.

46.   The Defendant put the ship's physician and nurse under the command of the ship's superior officers, including the Master of the ship.

47.   The cruise line represents to immigration authorities that the physician and nurse are members of the ship's crew.

48.   Both the ship's doctor and nurses are permitted to eat with the ship's crew.

49.   The ship's  physician  and nurse  provide  services  in the ship's  "medical centers" and  the  Plaintiff  had  no  alternative  to going  to  the ship's  medical center  to be seen  for  his symptoms. At the time of Plaintiff's illness, the Plaintiff was seen, examined and treated by the ship's nurse and/or physician.

## V. NEGLIGENCE CLAIM AGAINST RCCL– FAILURE TO TIMELY EVACUATE THE PLAINTIFF

Plaintiff, JEFFERSON L. DURHAM, realleges, incorporates by reference, and adopts paragraphs 1 through 5 and 8 through 49  as though they were originally alleged herein.

50.     That RCCL has a duty to provide reasonable care to all passengers aboard the vessel.

51.     This includes a duty to furnish such aid and assistance as ordinarily prudent persons would render under the circumstances. See Rinker v. Carnival Corp., 836 F. Supp.2d 1309, 1316 (S.D. Fla. 2011) quoting Barbetta v. SIS Bermuda Star, 848 F.2d 1364, 1371 (5 1 Cir. 1998).

52.     That RCCL breached its duty of reasonable care as ordinarily prudent persons would render under the circumstances.

53.     That Plaintiff, JEFFERSON L. DURHAM, was severely damaged and injured due to the failure of RCCL and/or its agents, servants and/or employees to furnish such aid and assistance as ordinarily prudent persons would render under the circumstances as follows:

  a.   Failing to medically evacuate the Plaintiff to a shore-side medical facility despite being reasonable close to proximity to same; and/or

  b.   Failing to request the assistance of the U.S. Coast Guard and/or private air ambulance to airlift a passenger in a life-threatening condition, despite reasonable availability of such aid; and/or

  c.   Failing to arrange for the immediate medical evacuation of the Plaintiff based on the severity of his injuries and the septic state of his infection.

d. Failing to arrange for the immediate medical evacuation of the Plaintiff despite there being a helipad on the RCCL EXPLORER OF THE SEAS designed and/or suitable for such medical evacuation; and/or

e. Failing to promulgate and/or enforce adequate policies and/or procedures aimed at determining the viability of an emergency medical evacuation.

54. All of the above caused the Plaintiff to be injured and/or caused the Plaintiffs injuries to be aggravated and made worse.

55. That as a result of RCCL'S failure to properly treat JEFFERSON L. DURHAM and/or provide means for JEFFERSON L. DURHAM to be removed/airlifted from the vessel and airlifted to a proper medical facility, JEFFERSON L. DURHAM is now permanently handicapped and scarred.

56. That RCCL: (1) had actual notice of JEFFERSON L. DURHAM'S condition aboard the vessel and failed and refused to take proper action; and/or (2) RCCL should have known about JEFFERSON L. DURHAM'S condition and failed to take proper action to avoid JEFFERSON L. DURHAM from being permanently handicapped and scarred.

57. That the failures, and/or acts and/or omissions by RCCL in its failure to provide JEFFERSON L. DURHAM with reasonable means to seek the proper emergency medical care and/or be removed from the subject vessel, proximately and directly caused Plaintiff injuries and damages.

58. That all of the herein alleged was a breach of the duty or duties that RCCL owed to the Plaintiff.

59. That as a direct and proximate result of RCCL'S actions and/or omissions in this matter, Plaintiff suffered injury to his internal organs as well as his left foot and left leg which are now permanently scarred. The Plaintiff's injuries

and damages were directly caused by RCCL'S active and/or passive acts of negligence as set forth above and as a result, Plaintiff, JEFFERSON L. DURHAM, seeks to recover all elements of his damages as authorized by law for his injuries, including, but not limited to:

    a.   Past and future pain and suffering,

    b.   Past and future mental anguish,

    c.   Past and future loss of the capacity for the enjoyment of life,

    d.   Past and future inconvenience,

    e.   Past and future economic damages, including lost wages, lost future wage earning capacity,

    f.   Past and future medical expenses and attendant care.

## VI. NEGLIGENT HIRING AND/OR RETENTION

60.    Plaintiff, JEFFERSON L. DURHAM, realleges, incorporates by reference, and adopts paragraphs 1 through 5 and 8 through 59 as though they were originally alleged herein.

61.    That at all times material hereto, RCCL chose to hire medical personnel to work on board the RCCL EXPLORER OF THE SEAS and thus owed Plaintiff the duty to hire medical personnel that were competent and qualified. See Rinker v. Carnival Corp., 753 F. Supp.2d 1237, 1242-43 (S.D.Fla.2010) quoting Barbetta v. SIS Bermuda Star, 848 F.2nd at 1371.

62.    That Defendant was required to make an appropriate investigation of the medical personnel that it was hiring.

63.    That Defendant failed to make an appropriate investigation of the medical personnel that is was hiring.

64.     That an appropriate investigation would have revealed the unsuitability of the physicians aboard the subject vessel for the particular duty to be performed and/or for employment in general.

65.     That it was unreasonable for RCCL to hire the Medical Defendant's aboard the subject vessel in light of the information it knew or should have known regarding the subject physicians.

66.     That Defendant's negligent hiring and/or retention of the subject Medical Defendants is a direct and proximate cause of JEFFERSON L. DURHAM's permanent injuries and scarring.

67.     That the Medical Defendants did not have the proper licensure and/or training to diagnose JEFFERSON L. DURHAM'S condition.

68.     That JEFFERSON L. DURHAM suffered from excruciating pain for the next three (3) days until the subject vessel reached Victoria as the ship's medical staff and crew did little to assist JEFFERSON L. DURHAM or remove JEFFERSON L. DURHAM from the ship in order to receive the proper emergency medical attention he required.

69.     That Plaintiff was reliant on RCCL to properly hire medical personnel and Plaintiff was reliant on the ship's medical staff to make the appropriate diagnoses and provide the proper and necessary treatment/make the proper decision regarding necessary care.

70.     That as a direct and proximate result of RCCL'S actions and/or omissions in this matter, Plaintiff suffered permanent injuries and scarring. The Plaintiffs permanent injuries and scarring was directly caused by RCCL active and/or passive acts of negligence/negligent hiring/negligent retention of the subject physicians as follows;

13

a. The Medical Defendants could not properly operate and/or analyze the results of diagnostic machines on board the RCCL EXPLORER OF THE SEAS; and/or

b. The Medical Defendants mis-diagnosed and then mis-treated a condition the Plaintiff was not suffering from. The misdiagnosis and mistreatment caused Plaintiff further injury; and/or

c. The Medical defendants were unable to diagnose the severity of Plaintiff's condition that even a reasonably prudently person would realize was indicative of a life-threatening condition; and/or

d. The Medical Defendants that were hired without vetting their qualifications, skills and/or training; and/or

e. Failing to promulgate and/or enforce policies and procedures aimed at hiring and/or retaining competent medical personnel; and /or

f. Failing to promulgate and/or enforce policies and procedures aimed at determining the continued competency and/or adequacy of the care being provided by the medical defendants once they were already in the employ of RCCL; and/or

g. The Medical Defendants' employment with RCCL continued despite prior incidents demonstrating their incompetence as ship's medical personnel.

71.    Plaintiff, JEFFERSON L. DURHAM, seeks to recover all elements of his damages as authorized by law for his injuries, including, but not limited to:

a.    Past and future pain and suffering,

b.    Past and future mental anguish,

c.    Past and future loss of the capacity for the enjoyment of life,

    d.   Past and future inconvenience,

    e.   Past and future economic damages, including lost wages, lost future wage earning capacity,

    f.   Past and future medical expenses and attendant care.

### COUNT VII- CLAIM AGAINST DR. J. ZAMBRANO

Plaintiffs reaffirm and reallege e a c h  and every allegation set forth in Paragraphs and 1, 2, 4 and 8 through 36 -and further alleges as follows:

72.    That JEFFERSON L. DURHAM saw the ship's doctor, DR. J. ZAMBRANO, who failed to properly treat and/or advise the proper authorities to take the necessary action to have JEFFERSON L. DURHAM airlifted from the subject vessel.

73.    That medical precaution rules and RCCL's own policies and procedures were not followed correctly.

74.    That DR. J. ZAMBRANO had a heightened duty to provide necessary and appropriate medical care to RCCL's passengers and/or make appropriate and necessary decisions to ensure that the passengers receive the proper medical treatment.

75.    That DR. J. ZAMBRANO breached his duty as a physician aboard the subject vessel to provide adequate medical care and/or make prudent medical decisions in the best interest of the Plaintiff, JEFFERSON L. DURHAM.

76.    At all times material hereto, Defendant, DR. J. ZAMBRANO had a duty to care for and treat patient, JEFFERSON L.DURHAM, in accordance with the prevailing standards of care for similar health care providers.

77.     Notwithstanding said duty, Defendant, DR. J. ZAMBRANO was negligent and breached said duties by doing or failing to do one or more of the following acts, any, some or all of which were and are departures from the prevailing standards of care for similar health care providers:

    a.   Negligently and carelessly failed to timely and properly diagnose and treat Plaintiff's underlying condition;

    b.   Negligently and carelessly failed to properly monitor a life-threatening underlying condition which the Defendant had knowledge of;

    c.   Negligently and carelessly failed to inform the patient and family of said condition in a timely fashion;

    d.   Negligently and carelessly failed to properly assess the patient's underlying condition;

    e.   Negligently and carelessly failed to perform complete examinations on the patient;

    f.   Negligently and carelessly failed to order proper diagnostic studies;

    g.   Negligently and carelessly failed to follow up in a timely fashion regarding proper diagnostic studies;

    h.   Negligently and carelessly failed to make proper timely intervention for the patient;

    i.   Negligently, carelessly and improperly failed to refer the patient to a duly qualified physician in a timely fashion;

    j.   Negligent and careless acts and/or omissions not yet discovered.

16

      k.  Negligently and carelessly failed to timely supervise the condition of the patient so that when the patient exhibited symptoms;  the appropriate  timely  measures  to  could be undertaken;

78.    Additionally, Dr. J. ZAMBRANO breached his duty of reasonable care by failing to order JEFFERSON L. DURHAM to be evacuated from the subject vessel and receive the emergency medical treatment that was required to avoid JEFFERSON L. DURHAM from sustaining permanent injuries and scarring.

79.    That as a result of DR. J. ZAMBRANO'S failure to properly treat JEFFERSON L. DURHAM and/or order/arrange for JEFFERSON L. DURHAM to be evacuated from the vessel and airlifted to the closest hospital, JEFFERSON L. DURHAM sustained permanent injuries and scarring.

80.    That DR. J. ZAMBRANO (1) had actual notice of JEFFERSON L. DURHAM's condition aboard the vessel and failed and refused to take proper action; and/or DR .J. ZAMBRANO should have known about JEFFERSON L. DURHAM'S condition and failed and refused to take proper action to avoid JEFFERSON L. DURHAM from sustaining permanent injuries and scarring.

81.    That the failures and/or acts and/or omissions by DR. J. ZAMBRANO in his failure to provide JEFFERSON L. DURHAM with reasonable means to seek the proper emergency medical care and/or be removed from the subject vessel, proximately and directly caused Plaintiff's injuries and damages.

82.    Additionally, Dr. J. ZAMBRANO breached his duty of reasonable care by failing to order JEFFERSON L. DURHAM to be evacuated from the subject vessel and receive the emergency medical treatment that was required to avoid JEFFERSON L.

83.    Additionally, Dr. J. ZAMBRANO breached his duty of reasonable care by failing to order JEFFERSON L. DURHAM to be evacuated from the subject vessel and receive the emergency medical treatment that was required to avoid JEFFERSON L. DURHAM from sustaining permanent injuries and scarring.

84.   That as a result of DR. J. ZAMBRANO'S failure to properly treat JEFFERSON L. DURHAM and/or order/arrange for JEFFERSON L. DURHAM to be evacuated from the vessel and airlifted to the closest hospital, JEFFERSON L. DURHAM sustained permanent injuries and scarring.

85.    That DR. J. ZAMBRANO (1) had actual notice of JEFFERSON L. DURHAM's condition aboard the vessel and failed and refused to take proper action; and/or DR .J. ZAMBRANO should have known about JEFFERSON L. DURHAM'S condition and failed and refused to take proper action to avoid JEFFERSON L. DURHAM from sustaining permanent injuries and scarring.

86.    That the failures and/or acts and/or omissions by DR. J. ZAMBRANO in his failure to provide JEFFERSON L. DURHAM with reasonable means to seek the proper emergency medical care and/or be removed from the subject vessel, proximately and directly caused Plaintiff's injuries and damages.

87.    That as a direct  and proximate cause of Defendant, DR. J. ZAMBRANO'S breaches of his duty of care, Plaintiff, JEFFERSON L.DURHAM, has suffered damages.

88.    That as a direct and proximate result of DR. J. ZAMBRANO'S actions and/or omissions in this matter, Plaintiff suffered life threatening and incapacitating injuries. The Plaintiffs injuries were directly caused by  Defendant, DR. J. ZAMBRANO'S active and/or passive acts of negligence as set forth above and as a result, Plaintiff, JEFFERSON

L. DURHAM, seeks to recover all elements of his damages as authorized by laws for his injuries, included but not limited to:

    a.  Past and future pain and suffering,

    b.  Past and future mental anguish,

    c.  Past and future loss of the capacity for the enjoyment of life,

    d.  Past and future inconvenience,

    e.  Past and future economic damages, including lost wages, lost future wage earning capacity.

    f.  Past and future medical expenses and attendant care.

### COUNT VIII- CLAIM AGAINST DR. J. WOLFE

Plaintiffs reaffirm and reallege each and every allegation set forth in Paragraphs 1, 2, 5 and 8 through 36 further alleges as follows:

89.    That JEFFERSON L. DURHAM saw the ship's doctor, DR. J. WOLFE, who failed to properly treat and/or advise the proper authorities to take the necessary action to have JEFFERSON L. DURHAM airlifted from the subject vessel.

90.    That medical precaution rules and RCCL's own policies and procedures were not followed correctly.

91.    That DR. J. WOLFE had a heightened duty to provide necessary and appropriate medical care to RCCL's passengers and/or make appropriate and necessary decisions to ensure that the passengers receive the proper medical treatment.

92.    That DR. J. WOLFE breached his duty as a physician aboard the subject vessel to provide adequate medical care and/or make prudent medical decisions in the best interest of the Plaintiff, JEFFERSON L. DURHAM.

93.     At all times material hereto, Defendant, DR. J. WOLFE had a duty to care for and treat patient, JEFFERSON L.DURHAM, in accordance with the prevailing standards of care for similar health care providers.

94.     Notwithstanding said duty, Defendant, DR. J. WOLFE was negligent and breached said duties by doing or failing to do one or more of the following acts, any, some or all of which were and are departures from the prevailing standards of care for similar health care providers:

a.  Negligently  and  carelessly  failed  to  timely  and  properly diagnose and treat Plaintiff's underlying condition;

b.   Negligently and carelessly failed to properly monitor a life threatening underlying condition which the Defendant had knowledge of;

c.  Negligently and carelessly failed to inform the patient and family of said condition in a timely fashion;

d.  Negligently and carelessly failed to properly assess the patient's underlying condition;

e.  Negligently and carelessly failed to perform complete examinations on the patient;

f.  Negligently  and  carelessly  failed  to  order  proper  diagnostic studies;

g.  Negligently and carelessly failed to follow up in a timely fashion regarding proper diagnostic studies;

h.  Negligently and carelessly failed to make proper timely intervention for the patient;

i.  Negligently, carelessly and improperly failed to refer the patient to a duly qualified physician in a timely fashion;

j.  Negligently  and  carelessly  failed  to  timely supervise  the condition of the patient so that when the patient exhibited symptoms;  the  appropriate  timely  measures  to   timely correct said symptoms could be undertaken;

20

95.     Additionally, Dr. J. WOLFE breached his duty of reasonable care by failing to order JEFFERSON L. DURHAM to be evacuated from the subject vessel and receive the emergency medical treatment that was required to avoid JEFFERSON L. DURHAM from sustaining permanent injuries and scarring.

96.    That as a result of DR. J. WOLFE'S failure to properly treat JEFFERSON L. DURHAM and/or order/arrange for JEFFERSON L. DURHAM to be evacuated from the vessel and airlifted to the closest hospital, JEFFERSON L. DURHAM sustained permanent injuries and scarring.

97.     That DR. J. WOLFE (1) had actual notice of JEFFERSON L. DURHAM's condition aboard the vessel and failed and refused to take proper action; and/or DR .J. WOLFE should have known about JEFFERSON L. DURHAM'S condition and failed and refused to take proper action to avoid JEFFERSON L. DURHAM from sustaining permanent injuries and scarring.

98.     That the failures and/or acts and/or omissions by DR. J. WOLFE in his failure to provide JEFFERSON L. DURHAM with reasonable means to seek the proper emergency medical care and/or be removed from the subject vessel, proximately and directly caused Plaintiff's injuries and damages.

99.     That as a direct and proximate cause of Defendant, DR. J. WOLFE'S breaches of his duty of care, Plaintiff, JEFFERSON L.DURHAM, has suffered damages.

100.     That as a direct and proximate result of DR. J. WOLFE'S actions and/or omissions in this matter, Plaintiff suffered life threatening and incapacitating injuries. The Plaintiffs injuries were directly caused by  Defendant, DR. J. WOLFE'S active and/or passive acts of negligence as set forth above and as a result, Plaintiff, JEFFERSON L. DURHAM, seeks to recover all elements of his damages as authorized by laws for his injuries, included but not limited to:

   a.  Past and future pain and suffering,

    b.   Past and future mental anguish,

    c.   Past and future loss of the capacity for the enjoyment of life,

    d.   Past and future inconvenience,

    e.   Past and future economic damages, including lost wages, lost future wage earning capacity.

    f.   Past and future medical expenses and attendant care.

## COUNT IX - CLAIM AGAINST DEFENDANT RCCL FOR NEGLIGENT SUPERVISION AND AGENCY

Plaintiff, JEFFERSON L. DURHAM, realleges, incorporates by reference, and adopts paragraphs 1, through 5 and 8 through 100 as though they were originally alleged herein.

101.    At all times material hereto, Defendant, RCCL by and through its agents, apparent agents, servants and/or employees were required to render medical care and treatment in accordance with the professional standards of care for similar health care providers to the patient, JEFFERSON L. DURHAM.

102.    Notwithstanding the duty undertaken by the Defendant, RCCL said Defendant breached the owed to the patient by failing to properly supervise care and treatment provided to the patient by its agents, apparent agents, servants and/or employees, including but not limited to Defendants, DR. J. ZAMBRANO , DR. J. WOLFE and any and all nurse employees, which failure constituted negligence and is further liable for the negligence of its apparent agents, agents, servants and/or employees, including but not limited to Defendants, DR. J. ZAMBRANO  and DR. J. WOLFE while acting within the course and scope of employment with  Defendant, RCCL.

103. That as a direct and proximate result of RCCL'S negligent actions and/or omissions in this matter, Plaintiff suffered life threatening and incapacitating injuries. The Plaintiffs injuries were directly caused by Defendant, DR. J. WOLFE'S active and/or passive acts of negligence

as set forth above and as a result, Plaintiff, JEFFERSON L. DURHAM, seeks to recover all elements of his damages as authorized by laws for his injuries, included but not limited to:

    g.  Past and future pain and suffering,

    h.  Past and future mental anguish,

    i.  Past and future loss of the capacity for the enjoyment of life,

    j.  Past and future inconvenience,

    k.  Past and future economic damages, including lost wages, lost future wage earning capacity.

    l.  Past and future medical expenses and attendant care.

## COUNT X - CLAIM AGAINST DEFENDANT ROYAL JUBILEE HOSPITAL

Plaintiff, JEFFERSON L. DURHAM, realleges, incorporates by reference, and adopts paragraphs 1, 2, and 7 through 36 as though they were originally alleged herein.

104.  At all times material hereto, Defendant, JUBILEE HOSPITAL by and through its agents, servants and/or employees were required to render medical care and treatment in accordance with the professional standards of care for similar health care providers to the patient, JEFFERSON L. DURHAM.

105.  That RJH: (1) had actual notice of JEFFERSON L. DURHAM'S Condition and failed and refused to take proper action; and/or (2) RCCL should have known about JEFFERSON L. DURHAM'S condition and failed and refused to take proper action to avoid JEFFERSON L. DURHAM from sustaining more severe and life threatening injuries.

106.  That RJH hiring and retention of its medical personnel was negligent and was a direct and proximate cause of JEFFERSON L. DURHAM'S injuries and damages.

107.  That the failures and/or acts and/or omissions by RJH in its failure to provide JEFFERSON L. DURHAM with reasonable means to seek the proper emergency medical care

and/or be removed from the subject vessel, proximately and directly caused Plaintiffs injuries and damages.

108. That as a direct and proximate result of RJH'S actions and/or omissions in this matter, Plaintiff suffered life threatening and incapacitating injuries. The Plaintiffs injuries were directly caused by RJH'S active and/or passive acts of negligence as set forth above and as a result, Plaintiff, JEFFERSON L. DURHAM, seeks to recover all elements of his damages as authorized by laws for his injuries, included but not limited to:

a.      Past and future pain and suffering,

b.      Past and future mental anguish,

c.      Past and future loss of the capacity for the enjoyment of life,

d.      Past and future inconvenience,

e.      Past and future economic damages, including lost wages, lost future wage earning capacity.

f.      Past and future medical expenses and attendant care.

### COUNT XI - CLAIM AGAINST DEFENDANT SEACARE FOR NEGLIGENT SUPERVISION AND AGENCY

Plaintiff, JEFFERSON L. DURHAM, realleges, incorporates by reference, and adopts paragraphs 1, 2, 4, 5, 6, 8 and 72 through 100as though they were originally alleged herein.

109.   At all times material hereto, Defendant, SEACARE by and through its agents, apparent agents, servants and/or employees, including but not limited to its nursing staff, was required to render medical care and treatment in accordance with the professional standards of care for similar health care providers to the patient, JEFFERSON L. DURHAM. Further, Defendant, SEACARE had a duty to properly supervise it's agents, apparent agents, servants and/or employees including but not limited to its nursing staff, and to monitor said

agents, apparent agents, servants and/or employees, to see that they follow Defendant,

SEACARE' rules and regulations.

110.    Notwithstanding the duty undertaken by Defendant, SEACARE, it breached said duty

owed to the patient by failing to properly supervise care and treatment provided to the patient

and failing to monitor compliance with Defendant, SEACARE rules and regulations by its

agents, apparent agents, servants and/or employees, to wit: DR. J. ZAMBRANO and DR. J.

WOLFE and negligently, carelessly failed to properly supervise DR. J. ZAMBRANO and

DR. J. WOLFE which failure constituted negligence and is further liable for the negligence of

its agents, apparent agents, servants and/or employees, to wit: DR. J. ZAMBRANO and DR.

J. WOLFE while acting within the course and scope of their employment with SEACARE.

Therefore, Defendant, SEACARE is liable for any negligence of its agents, apparent agents,

servants and/or employees to wit: DR. J. ZAMBRANO and DR. J. WOLFE relative to the care

and treatment of Plaintiff, JEFFERSON L. DURHAM and further, for the failure DR. J.

ZAMBRANO and DR. J. WOLFE to comply with Defendant, SEACARE  rules and

regulations.

111. That as a direct and proximate result of DR. J. WOLFE'S actions and/or omissions

in this matter, Plaintiff suffered life threatening and incapacitating injuries. The Plaintiffs

injuries were directly caused by Defendant, DR. J. WOLFE'S active and/or passive acts

of negligence as set forth above and as a result, Plaintiff, JEFFERSON L. DURHAM,

seeks to recover all elements of his damages as authorized by laws for his injuries,

included but not limited to:

   m.  Past and future pain and suffering,

   n.  Past and future mental anguish,

   o.  Past and future loss of the capacity for the enjoyment of life,

    p.  Past and future inconvenience,

    q.  Past and future economic damages, including lost wages, lost future wage earning capacity.

    r.  Past and future medical expenses and attendant care.

## XII. JOINT VENTURE BETWEEN ALL PARTIES

Plaintiff, JEFFERSON L. DURHAM, realleges, incorporates by reference, and adopts paragraphs 1 through 111 as though they were originally alleged herein:

112.   A joint venture is an association of persons or legal entities to carry out a single business enterprise for profit.

113.   At all times material hereto, RCCL and the Medical Defendants engaged in a Joint Venture to operate the ship's medical facility for passengers onboard the RCCL Explorer of the Seas, for profit.

114.   As part of its Joint Venture, RCCL financed and equipped the ship's medical facility and assisted in running same. As part of the Joint Venture, the Medical Defendants provided labor and/or assisted in running the ship's medical facility so as to generate charges to passengers which were thereby collected by RCCL and the money was then shared by RCCL and the Medical Defendants.

115.   Both RCCL and the Medical Defendants had joint or shared control over aspects of the Joint Venture. The Medical Defendants had control over the day to day workings of the ship's medical facility, including the treatment of patients. RCCL also had control over the ship's medical facility including setting the hours of operation and had control over the billing and collections for the ship's medical facility.116.   RCCL also issued policies and procedures that were to be followed by the Medical Defendant. Thus, RCCL and the Medical Defendants had joint control over the day to day operations of the medical facility in that the Medical

26

Defendants performed the medical aspects of the Joint Venture and RCCL performed the operational and procedural aspects of the Joint Venture.

117. That RCCL and the Medical Defendants shared a common purpose: to operate the ship's medical facility for profit.

118. RCCL and Medical Defendants had a joint proprietary or ownership interest in the ship's medical facility. RCCL had an interest in the money it devoted to setting up the medical facility and the Medical Defendants had a proprietary interest in the time and labor expended in operating the ship's medical facility.

119. RCCL and the Medical Defendant shared profit of the Joint Venture. Upon information and belief, there exists a contractual arrangement with the Medical Defendants which expressly outlines such profit sharing relationship.

120. In Florida, a duty to share losses actually and impliedly exists as a matter of law in a situation where one party supplies the labor, experience and skill and the other party supplies the necessary capital. See Florida Tomate Packers, Inc. V. Wilson, 296 So.. 2d 536, 539(Fla. 3d DCA 1974) citing Russellv. Thielen, 82 So. 2d 143 (Fla. 1955).

121. RCCL thus had a symbiotic relationship with Medical Defendants. RCCL and the Medical Defendants therefore:

      a.   Intended to enter into the above enunciated agreements; and/or

      b.   Had a community of interest in the perfmmance of the common purpose, eg., the operation of the ship's medical facility for passengers, for profit; and/or

      c.   Had a community of interest in the perfmmance of the common purpose, eg., the operation of the ship's medical facility for passengers, for profit; and/or

      d.   Had a community of interest in the performance of the common purpose, eg., the operation of the ship's medical facility for passengers, for profit; and/or

      e.   Had a right to share in the profits of the Joint Venture; and/or

      f.   Would share losses which may have been sustained.

122.     As joint venturers, RCCL and the Medical Defendants are liable for each other's·negligence.   As a result, RCCL is liable for the negligent conduct of the Medical Defendants, and damages  previously  described herein. Participants  in a joint venture are each liable for the torts of the other or of the servants of the joint undetiaking  committed within the course  and scope of  the undertaking,  without regard to  which  of the joint venturers actually employed the servant.

123.    Plaintiff was injured as a direct and proximate result of the fault/negligence of RCCL through the acts of its joint venturers, the Medical Defendants, as follows:

      a.   Failure to properly operate the medical diagnostic machines onboard the RCCL EXPLORER OF THE SEAS and/or analyse the results thereof; and/or

      b.   Mis-diagnosing and mis-treating Plaintiffs condition; and/or

      c.   Failure to diagnose the severity of Plaintiff's condiiton; and/or

      d.   Delaying   Plaintiff from receiving   necessary   medical surgery   by administering incorrect medical treatments; and/or

      e.   Causing  permanent  injuries and  scarring to  Plaintiff by  failing  to properly diagnose and/or treat Plaintiffs condition; and/or

      f.   Failure to order the timely medical evacuation of Plaintiff.

124.     That as a direct and proximate result of RCCL'S actions and/or omissions in this matter) Plaintiff suffered full paralysis of his lower extremities. The Plaintiffs permanent injuries and scarring were  directly caused by RCCL'S active  and/or passive acts of negligence as set forth above  and as a result  Plaintiff, JEFFERSON L.DURHAM,  seeks to recover  all elements  of his damages as authorized by law for his injuries, including, but not limited to:

      a.   Past and future pain and suffering,

      b.   Past and future mental anguish,

c.  Past and future loss of the capacity for the enjoyment of life,

d.  Past and future inconvenience,

e.  Past and future economic damages, including lost wages, lost future wage earning capacity,

f.  Past and future medical expenses and attendant care.

## XIII. THIRD PARTY BENEFICIARY CLAIM AGAINST RCCL AND THE MEDICAL DEFENDANTS

Plaintiff, JEFFERSON L. DURHAM, realleges, incorporates by reference, and adopts all paragraphs as though they were originally alleged herein:

125.  Upon information and belief, at all times material hereto, Medical Defendants had an agreement in effect with RCCL in which RCCL agreed to provide indemnity insurance coverage for the claims made in this action.

126. Upon information and belief, RCCL, had a separate agreement with the Medical Defendants. The agreement provided for RCCL financing and equipping the ship's medical facility, and the Medical Defendants naming the facility, for the primary and direct purpose of providing medical services to passengers.

127. At all times material hereto, RCCL represented to passengers that the intent of the agreement was to 1) provide emergency medical care to guests and 2) to maintain a safe and confortable environment for guests.

128.  At all times material hereto, the agreements were entered into to primarily and directly benefit passengers such as Plaintiff and as a result of those agreements:

a.  At all times material hereto RCCL made representations to passengers that should a guest require medical attention while onboard the subject vessel, the Medical Defendants would be available 24 hours a day for emergencies.

29

b. RCCL represented to passengers that physicians would be available for a customary fee.

c. RCCL represented to passengers that its medical facility met or exceeded the standard established by the International Council of Cruise Lines.

d. At all times material hereto RCCL made representations to passengers that its medical facility was staffed by qualified physicians and nurses who are committed to providing the highest quality of shipboard medical care.

e. Plaintiff, while under the care and treatment of the Medical Defendants, was treated inappropriately, improperly and negligently. Therefore, because 1) the – Medical Defendants were not qualified to treat Plaintiff and therefore could not provide the highest quality shipboard care to Plaintiff, the Medical Defendants breached their contract with RCCL.

f. That since the medical facility was inappropriately staffed; en whole, RCCL breached its agreement with the individual Medical Defendants.

129. The foregoing breach and/or breaches of contract to which Plaintiff was a third party beneficiary were a direct an proximate cause of Plaintiffs injury and/or condition being aggravated and made worse, As a result of the breach and/or breaches of contract between RCCL and the Medical Defendants, Plaintiff was injured and suffered damages.

130. That as a direct and proximate result of these actions and/or omissions in this matter, Plaintiff suffered life threatening and incapacitating injuries. The Plaintiffs injuries were directly caused by Defendant, DR. J. WOLFE'S active and/or passive acts of negligence as set forth above and as a result, Plaintiff, JEFFERSON L. DURHAM, seeks to recover all elements of his damages as authorized by laws for his injuries, included but not limited to:

s. Past and future pain and suffering,

t.  Past and future mental anguish,

u.  Past and future loss of the capacity for the enjoyment of life,

v.  Past and future inconvenience,

w.  Past and future economic damages, including lost wages, lost future wage earning capacity.

x.  Past and future medical expenses and attendant care.

**WHEREFORE**, Plaintiff, JEFFERSON L. DURHAM, respectfully requests that this Court enter a Judgment in favor of Plaintiff, JEFFERSON L.DURHAM, and against Defendants, ROYAL CARIBBEAN CRUISES, LTD., DR. J. ZAMBRANO, DR. J. WOLFE, SEACARE CO-OPERATIVE, LTD, and ROYAL JUBILEE HOSPITAL and for any further relief that this Court deems just and proper.

### COUNT XIV
### DERIVATIVE CLAIM OF DANNIELLE R. DURHAM

131.  Plaintiff, DANIELLE R. DURHAM , realleges, incorporates by reference, and adopts paragraphs 1 through 130as though they were originally alleged herein:

132.  That at all times material hereto, DANIELLE R. DURHAM, was the spouse of the Plaintiff, JEFFERSON L. DURHAM , and they resided together as husband and wife in Broward County, Florida.

133.  That at all times material hereto, Plaintiff, DANIELLE R. DURHAM, was entitled to the services, care, companionship and consortium of said spouse and, as a direct and proximate result of the injuries sustained by said spouse, due to the negligence and carelessness of the Defendant herein, Plaintiff, has been deprived of the services, care, companionship and consortium of said spouse and his ability to render services and assistance to him has been impaired, and by reason thereof, the Plaintiff has sustained damages.

**WHEREFORE**, Plaintiff, JEFFERSON L.DURHAM, respectfully  requests that this Court enter a Judgment in favor of Plaintiff, JEFFERSON L.DURHAM, and against Defendants, ROYAL CARIBBEAN CRUISES, LTD., DR. J. ZAMBRANO, DR. J. WOLFE, SEACARE CO-OPERATIVE LTD,  and ROYAL JUBILEE HOSPITAL and for any further relief that this Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL AND JUDGMENT**</u>

Plaintiffs,  JEFFERSON L.DURHAM and DANIELLE R. DURHAM request  a trial by jury  on all counts alleged  herein, after which, they request that the Court enter judgment in their favor and against the Defendants, for all damages and costs authorized by law, and any

other such further relief that this Honorable Court finds just under the circumstances.

Dated this 2nd day of August, 2019.

Law Offices of
JAMIE FINIZIO BASCOMBE, P.A.

<u>**/s/  Jamie J. Finizio Bascombe, Esq.**</u>
JAMIE J. FINIZIO BASCOMBE, ESQ.
Florida Bar No.: 0981044
107 Southeast 10th Street
Fort Lauderdale, FL  33316
Telephone:  (954) 371-0007
Facsimile:  (954) 416-7171
Eservice:   jfbparalegal@jamiefiniziolaw.com
Eservice:    alany@jamiefiniziolaw.com
Attorneys for Plainti